IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| HOPE JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:23-cv-169 (RDA/WEF) |
| ) | |
| CAPITAL ONE, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant Capital One's Motion to Dismiss for Failure to State a Claim ("Motion to Dismiss"). Dkt. 19. The Court has dispensed with oral argument as it would not aid in the decisional process. Fed. R. Civ. P. 78(b); Loc. Civ. R. 7(J). This matter has been fully briefed and is now ripe for disposition. Having considered the Motion to Dismiss together with Defendant's Memorandum in Support (Dkt. 20), Plaintiff Hope Johnson's Complaint (Dkt. 1), and Plaintiff's Notice of Billing Error Dispute (Dkt. 1-1), the Court GRANTS the Motion to Dismiss for the reasons that follow.

I. BACKGROUND

A. Factual Background[1]

In her *pro se* Complaint, Plaintiff Hope Johnson ("Plaintiff") alleges that Defendant Capital One ("Defendant" or "Capital One") improperly closed her accounts in response to a "Notice of Billing Error Dispute" (the "Notice")[2] that she sent to the company. Dkt. 1 at 4. Enclosed with

---

[1] For purposes of considering the instant Motion, the Court accepts all facts contained within Plaintiff's Complaint as true, as it must at the motion-to-dismiss stage. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[2] Plaintiff attaches her Notice of Billing Error Dispute to the Complaint and relies on it in the Complaint to show that she provided Defendant with notice of the purported billing error. Dkt.

1

the Notice was a document entitled "Cease and Desist" (the "Cease and Desist Letter"), in which Plaintiff asserted that she was "notifying [Capital One] in writing that [she] refuse[s] to pay this alleged debt." Dkt. 1-1 at 2. Also enclosed with the Notice was an affidavit (the "Affidavit"), in which Plaintiff averred that she has "reason to believe and do[es] so believe, as a federally protected consumer and debtor, [that she] owe[s] no such alleged debt(s)." *Id.* at 5. The Affidavit further provides that Plaintiff has "reason to believe and do[es] so believe that all past, present, and future billing statements received by Capital One are billing errors under 12 C.F.R. § 1026.13(a), beginning with the date the account was opened[,] July 19th, 2016." *Id.* Plaintiff also enclosed with her Notice an account statement on which she had written "pay to the order of without recourse." *Id.* at 9. The account statement showed a $1,091.45 balance due on January 9, 2023. *Id.*

Plaintiff's Complaint alleges that, in response to the Notice, Capital One closed all of her accounts with the company. Dkt. 1 at 4. Plaintiff attached three notices that she received from Capital One to her Complaint. The first notice, dated January 13, 2023, informed Plaintiff that she had "no delinquencies reporting." Dkt. 1-1 at 12. The second notice, issued that same date, informed Plaintiff that Capital One had placed "a disagreement code with resolution of dispute on [her] credit file to the major credit reporting agencies." *Id.* at 13. In the third notice to Plaintiff dated January 17, 2023, Capital One explained its decision to close Plaintiff's account: "[w]e are closing this account because activity on this or another account is not consistent with our expectations for account usage and violates the Capital One Customer Agreement." *Id.* at 14. As

---

1 at 4. The Notice is therefore a document that is "integral to the [C]omplaint," and the Court may consider it in ruling on Defendant's Motion to Dismiss because there is no dispute as to its authenticity. *Hugler v. Vinoskey*, No. 6:16-CV-00062, 2017 WL 1653725, at *5 (W.D. Va. May 2, 2017).

a result, Plaintiff moves the Court to order Capital One to: (1) reopen her accounts that were closed; (2) "[z]ero out the credit balance monthly"; and (3) "refund all past, present, and future credit balances in the form of a check to resident address on file . . . ." Dkt. 1 at 4.

### B. Procedural Background

Plaintiff filed a Complaint against Defendant in this Court on February 6, 2023. Dkt. 1. Thereafter, on April 19, 2023, Defendant filed an unopposed Motion for Extension of Time to Respond to Complaint ("Motion for Extension of Time"). Dkt. 10. The next day, on April 20, 2023, Magistrate Judge William E. Fitzpatrick granted Defendant's Motion for Extension of Time and provided it with an additional twenty-one days to respond to Plaintiff's Complaint. Dkt. 13. Subsequently, on May 9, 2023, Defendant filed a Motion to Dismiss for Failure to State a Claim, Dkt. 19, along with a Memorandum in Support thereof, Dkt. 20. To date, Plaintiff has not filed an Opposition or responded in any capacity to Defendant's Motion to Dismiss.

## II. STANDARD OF REVIEW

To survive a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a complaint must set forth "a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 556). In reviewing a Rule 12(b)(6) motion, the Court "must accept as true all of the factual allegations contained in the complaint," drawing "all reasonable inferences" in the plaintiff's favor. *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted). To be sure, "the [C]ourt 'need not accept the [plaintiff's] legal conclusions drawn from the facts,' nor need it 'accept as true unwarranted inferences, unreasonable conclusions, or arguments.'"

3

*Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 616 n.26 (4th Cir. 2009) (quoting *Kloth v. Microsoft Corp.*, 444 F.3d 312, 319 (4th Cir. 2006)). Typically, "courts may not look beyond the four corners of the complaint in evaluating a Rule 12(b)(6) motion." *Linlor v. Polson*, 263 F. Supp. 3d 613, 618 (E.D. Va. 2017) (citing *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015)). Nonetheless, "courts may consider . . . documents attached to the complaint . . . 'so long as they are integral to the *complaint* and authentic.'" *Hugler v. Vinoskey*, No. 6:16-CV-00062, 2017 WL 1653725, at *5 (W.D. Va. May 2, 2017) (quoting *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)).

Mindful that Plaintiff is proceeding *pro se*, this Court liberally construes her filings. *Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014). That a *pro se* complaint should be liberally construed neither excuses a *pro se* plaintiff of her obligation to "clear the modest hurdle of stating a plausible claim" nor transforms the court into her advocate. *Green v. Sessions*, No. 1:17-cv-1365, 2018 WL 2025299, at *8 (E.D. Va. May 1, 2018), *aff'd*, 744 F. App'x 802 (4th Cir. 2018).

### III. ANALYSIS

In her Complaint, Plaintiff alleges a violation of the billing error dispute resolution provision in 15 U.S.C. § 1666(b) of the Fair Credit Billing Act ("FCBA") and its implementing regulation, 12 C.F.R. § 1026.13, as well as a violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* Dkt. 1 at 3-4. Plaintiff also lists several other statutes, including 18 U.S.C. § 1961[3] and 18 U.S.C § 1341,[4] as being at issue in the instant case. *Id.* at 3. The Court addresses each of Plaintiff's claims in turn.

---

[3] 18 U.S.C. § 1961 provides definitions for the Racketeer Influenced and Corrupt Organizations Act ("RICO").

[4] 18 U.S.C § 1341 is the federal mail fraud statute.

4

A. The FCBA Claim

The Court first considers whether Defendant violated the error dispute resolution procedures of the FCBA and its implementing regulation, 12 C.F.R. § 1026.13. The FCBA sets forth procedures for creditors to follow when a consumer disputes a billing error. *Murr v. Capital One Bank (USA), N.A.*, 28 F. Supp. 3d 575, 592 (E.D. Va. 2014). "To succeed on an FCBA claim, a plaintiff must show (1) the existence of a billing error, (2) timely notification of the billing error, and (3) failure of the bank issuing the card to comply with the procedural elements of 15 U.S.C. § 1666." *Id.* at 593. Here, Defendant argues that Plaintiff's FCBA claim fails because she cannot establish the first two elements. Dkt. 20 at 4.

First, the Court finds that neither the Complaint nor the Notice that Plaintiff has attached to the Complaint allege the existence of a billing error under the meaning of the FCBA. The statute provides that "a 'billing error' consists of any of the following": (1) a charge that did not occur or was not in the amount reflected on the statement; (2) a charge for which the obligor requests additional clarification; (3) a charge for goods or services not accepted by the obligor; (4) the creditor's failure to properly reflect a payment; (5) a computation error; or (6) failure to transmit the statement to the last known address of the obligor. 15 U.S.C. § 1666(b). In the instant case, Plaintiff does not assert that Defendant made any of these specific types of billing errors. Rather, Plaintiff's Notice simply states that "all past, present, and future billing statements . . . are billing errors." Dkt. 1-1 at 5. As such, Plaintiff has not adequately alleged a billing error on Defendant's part.

Plaintiff also fails to allege that she provided Defendant with timely notification of a billing error. The FCBA requires that a notice indicate the amount of the billing error and set forth the reasons for the consumer's belief that the statement contains an error. 15 U.S.C. § 1666(a).

5

Claiming that an "entire account balance is in dispute without pointing out a specific . . . error does not provide the requisite notice of a billing error required by the statute." *Daniel v. Chase Bank USA, N.A.*, 650 F. Supp. 2d 1275, 1284 (N.D. Ga. 2009) (internal quotation marks and citation omitted). Critically, Plaintiff's Notice fails to identify a particular transaction in dispute, a specific belief regarding any such billing error, or her reasons for such a belief. As noted *supra*, Plaintiff merely states in her Notice that she "ha[s] reason to believe and do[es] so believe that all past, present, and future billing statements . . . are billing errors." Dkt. 1-1 at 5. Such a conclusory assertion does not suffice. *See Daniel*, 650 F. Supp. 2d at 1286 (finding that the "[p]laintiff's statement that the entire balance was in dispute, without identifying the specific transactions that caused the balance to be incorrect, was not a sufficient notice of billing error"). Accordingly, Plaintiff's FCBA claim also fails for this reason and will be dismissed.

B. The FDCPA Claim

The Court next turns to Plaintiff's FDCPA claim. Defendant argues that Plaintiff fails to state a claim under the FDCPA because the statute only applies to debt collectors and Plaintiff does not allege any facts showing that Defendant is one. Dkt. 20 at 6-7.

"It is well-settled that provisions of the FDCPA generally apply only to debt collectors." *Scott v. Wells Fargo Home Mortg.*, 326 F. Supp. 2d 709, 717 (E.D. Va. 2003). The FDCPA defines a debt collector as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). By contrast, the statute defines a creditor as "any person who offers or extends credit creating a debt or to whom a debt is owed." *Id*. § 1692a(4). As the Fourth Circuit has explained, "[t]he material distinction between a debt collector and a creditor . . . is

whether a person's regular collection activity is only *for itself* (a creditor), or whether it regularly collects *for others* (a debt collector) . . . ." *Henson v. Santander Consumer USA, Inc.*, 817 F.3d 131, 136-37 (4th Cir. 2016), *aff'd*, 582 U.S. 79 (2017).

Here, even accepting the allegations in the Complaint as true and viewing them in the light most favorable to Plaintiff, the Court finds that the Complaint does not allege facts sufficient to demonstrate that Defendant falls under the statutory definition of a debt collector.[5] Critically, Plaintiff has not alleged that Defendant collects debt on behalf of another person or entity. Rather, Plaintiff only alleges, at best, that Defendant is seeking to recover the debt that Plaintiff owes it, not any debt that Plaintiff owes someone other than Defendant. *See* Dkt. 1-1 at 4 (Plaintiff's assertion that she opened a credit card account with Capital One). Accordingly, because Plaintiff has not alleged any facts showing that Defendant is a debt collector pursuant to the statute, her FDCPA claim fails and will be dismissed.

## C. The Remaining Claims

Finally, the Court turns to any remaining claims that Plaintiff may be attempting to support in her Complaint. Dkt. 1 at 3. Under Federal Rule of Civil Procedure 8, a plaintiff is required to file a complaint that contains, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Importantly, a plaintiff must include "some factual allegation in the complaint" in order to provide the defendant with "fair notice of the nature of the claim" and the "grounds upon which the claim rests." *Twombly*, 550 U.S. at 556 n.3.

---

[5] Indeed, courts have repeatedly found that Capital One is not a debt collector subject to the FDCPA. *See Davidson v. Capital One Bank (USA), N.A.*, 797 F.3d 1309, 1318 (11th Cir. 2015) (affirming dismissal of FDCPA claim against Capital One because it is not a debt collector); *Cooper v. Pressler & Pressler, LLP*, 912 F. Supp. 2d 178, 184-85 (D.N.J. 2012) (dismissing FDCPA claim against Capital One because it is not a debt collector); *Wood v. Capital One Services, LLC*, 718 F. Supp. 2d 286, 291 (N.D.N.Y. 2010) (same).

*Pro se* plaintiffs are not excused from the requirements of Rule 8. While "[d]istrict courts have a duty to construe *pro se* pleadings liberally . . . [a] *pro se* plaintiff must nevertheless allege facts sufficient to state a cause of action." *Willoughby v. Virginia*, No. 3:16-cv-784, 2017 WL 4171973, at *1 (E.D. Va. Sept. 20, 2017). As a result, courts frequently dismiss *pro se* complaints when they do not allege facts that give rise to an inference that the plaintiff is entitled to relief. *See, e.g.*, *Flores v. Spurr*, No. 1:17-cv-1032, 2017 WL 6667536, at *2 (E.D. Va. Oct. 19, 2017) (dismissing *pro se* complaint that "set[] out no factual allegations what[so]ever" in amended complaint); *White v. Jones*, No. 1:10-cv-799, 2010 WL 3395695, at *2 (E.D. Va. Aug. 23, 2010) (dismissing *pro se* complaint when plaintiff stated "no facts whatsoever" in support of his claim); *Lee v. Democratic Nat. Comm.*, No. 1:4-cv-621, 2004 WL 3247189, at *1 (E.D. Va. June 9, 2004) (dismissing *pro se* complaint because plaintiff "allege[d] no facts in support of his claim"). Such dismissals are consistent with the requirement that a plaintiff, *pro se* or not, "articulate facts, [that] when accepted as true . . . show that the plaintiff has stated a claim entitling [her] to relief." *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009).

Here, Plaintiff has listed various other statutes, including 18 U.S.C. § 1961 and 18 U.S.C § 1341, as being at issue in the instant case, Dkt. 1 at 3, but has failed to identify any violations of those statutes or facts to support violations of those statutes. Simply listing statutes, without more, plainly falls short of federal pleading requirements. Indeed, it is axiomatic that a Complaint must "plead[] factual content [allowing] the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 664 (citing *Twombly*, 550 U.S. at 556). In the case at bar, Plaintiff's Complaint is devoid of any factual content that could enable this Court to draw a reasonable inference that Defendant is liable for violations of those statutes. Accordingly, any remaining claims that Plaintiff may be attempting to bring will be dismissed.

## IV. CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Defendant's Motion to Dismiss (Dkt. 19) is GRANTED; Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE. If Plaintiff so chooses, she may file an Amended Complaint within thirty (30) days of this Memorandum Opinion and Order.

To appeal this decision, Plaintiff must file a written notice of appeal with the Clerk of Court within 30 days of the date of entry of this Memorandum Opinion and Order. A notice of appeal is a short statement indicating a desire to appeal, including the date of the order that Plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the court of appeals. Failure to file a timely notice of appeal waives Plaintiff's right to appeal this decision.

The Clerk is directed to forward copies of this Memorandum Opinion and Order to Plaintiff, who is proceeding *pro se*, and to counsel of record for Defendant. The Clerk is further directed to close this civil action.

It is SO ORDERED.

Alexandria, Virginia
September 14, 2023

/s/
Rossie D. Alston, Jr.
United States District Judge